## Ignacy Bak

*vs.*

## Lewiston Bleachery & Dye Works.

### Androscoggin.   Opinion October 19, 1914.

*Assumption of Risk.   Cautioned.   Instructed.   Knew and Appreciated
the Danger.   Safe Place.*

1.  A master is not an insurer of the safety of his servant.   He is only bound to
    use reasonable care to have the place where the servant works in a reasonably
    safe condition.

2.  A servant assumes the risk of all obvious dangers, and all dangers incidental
    to the business which are known and appreciated by him, and as well, of all
    dangers that he ought, by the exercise of reasonable care, to have known and
    appreciated.

3.  A servant is not entitled to instructions and cautions about dangers, that he
    already knows and appreciates.

On motion for new trial by the defendant.   Motion sustained.

This is an action on the case to recover damages for personal
injuries sustained by the plaintiff while working in the defendant's
bleachery, because of the alleged negligence of the defendant.   The
defendant plead the general issue.   The jury returned a verdict for
the plaintiff of $1964.33, and the defendant filed a general motion
for a new trial.

The case is stated in the opinion.

*Dana S. Williams*, for plaintiff.

*McGillicuddy & Morey*, for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, BIRD, HALEY, HANSON,
PHILBROOK, JJ.

SAVAGE, C. J.   Case for personal injuries.   The verdict was for
the plaintiff, and the case comes before the court on the defendant's
motion for a new trial.

The plaintiff was employed by the defendant in its bleachery. At the time of the accident he was about seventeen years old, and had lived in this country about four months. To understand the nature of his duties and the way in which he received his injury, it is necessary to describe briefly the machine near which he worked, and in which he was injured. It was called a starching machine. The parts which it is necessary to mention now are first two large iron rolls which were geared together and run upon each other, one being over the other. Then in front of these rolls was a wooden roll. It was not geared to the other rolls and did not touch them. It run free. The space between the wooden roll and the upper iron roll was 4 9-16 inches. Between the wooden roll and the lower iron roll the space is less. The top of the wooden roll is four feet one and one-half inches from the floor, and is somewhat higher than the nip of the iron rolls.

When the machine is in operation long webs of wet cloth, sometimes starched, and sometimes not, are run between the iron rolls for the purpose of squeezing out the water. The free wooden roll serves to guide the cloth and keep it in position to pass through the nip of the iron rolls. After the cloth passes between the iron rolls it is brought back overhead by other rolls or contrivances and falls into a box on the floor in front of the machine. The space between the box and the nearest roll is about three feet.

The plaintiff's duty was to tend the cloth as it fell into the box, so that it would lie compactly in rough plaits or folds, and not come to the floor. And in performing that duty he stood between the box and the machine. When goods were being starched, it was also his duty to take starch from a starch tub at the end of the machine and carry it in a pail or dipper to the starch box, which was a component part of the machine, and situated under the rolls. In doing this starch commonly dripped upon the floor between the box and the machine so that the floor became more or less slippery. The plaintiff had no other duty with respect to the machine or the rolls.

The plaintiff's version of the accident is that the floor around the box was slippery, and that in going around the end of the box in connection with his work he slipped, and in falling got his left hand in some way between the iron rolls and it was injured. He says he cannot tell just how it was done. His complaints in his writ are that the rolls were not guarded, and that he was not instructed or cautioned as to dangers.

There were no guards in front of the rolls on the machine, except that the wooden roll itself served as a guard to the nip of the two iron rolls. To get the hand into the nip of the iron rolls it would be necessary to put it over and back of, or under and back of, the wooden roll. And the mechanical construction is such that it is practically certain that the plaintiff put his hand over and back of the wooden roll. The top of the roll, as already stated, was 4 feet 1½ inches from the floor. The plaintiff's armpit was four feet from the floor. It follows that his hand must have been lifted somewhat above a level from his shoulder.

Whether the plaintiff was cautioned or not is in dispute. The condition of the floor is also in dispute. The plaintiff says it was wet and slippery from the starch. The defendant admits that it had been wet and starchy an hour or more before, but claims that the floor had been swept clean of water and starch before the accident. And the weight of the evidence clearly supports that contention. There is no question, however, that the floor was damp.

While there are some improbabilities in the plaintiff's story, we think it may be conceded that it is possibly true. But giving to the evidence and to the situation an effect most favorable to the plaintiff, we think that he is not entitled to recover, and that the verdict in his favor is indisputably wrong.

In the first place, we think it cannot properly be said that the defendant owed to the plaintiff the duty of guarding the nip of the iron rolls more than it was guarded. The plaintiff was not working at the machine. He had no occasion to come into proximity with the rolls. The nip was nearly as high as his shoulder. There was a wooden roll in front of it. His work was at the box, nearly three feet from the rolls. And we do not overlook the claimed fact that the floor was slippery, a condition known to the plaintiff. The master is not an insurer of the safety of his servant. He is only bound to use reasonable care to have the place where the servant works in a reasonably safe condition.

But if we were to assume that the place in this case was unsafe and dangerous, the plaintiff stands in no better position. It is so well settled that it needs no citation of authorities to sustain the doctrine, that the servant assumes the risk of all obvious dangers, and all dangers incidental to the business which are known to and appreciated by him, and as well, of all dangers that he ought to have known and

appreciated.    It is equally well settled that the servant is not entitled to instructions and cautions about dangers which he already knows and appreciates.

The plaintiff's own testimony shows that he knew the consequences of getting his hand between the rolls.    He knew where they were. He knew or ought to have known which way they were turning. He knew the condition of the floor.    He knew the danger of slipping. He says he was "afraid" of it, and was "careful" by reason of it. Although he was  young, it is clear that he knew and understood the dangers.    We cannot do otherwise than to hold that the plaintiff assumed the risks of which he now complains.

The verdict is so clearly without warrant that we feel compelled to set it aside.

*Motion for a new trial sustained.*